THE TOWN OF FAYETTE, Respondent, v. ALBERT R. GREEN-LEAF, Appellant.

(County Court, Seneca County, July, 1904.)

Public Health Law (L. 1893, ch. 661, §§ 21, 25) — Power of a town board of health to suppress an alleged nuisance.

Unless it appears that there is a nuisance to be suppressed a town board of health can take no action concerning the matter under the Public Health Law (L. 1893, ch. 661, §§ 21, 25).

Where an owner of premises adjoining an unoccupied hotel in a town, tears up part of a private hotel drain running therefrom to the highway and into an open ditch and to the front of the owner's premises, the town board of health cannot collect of him a fine it imposed upon him for obstructing the drain against its rules and the expense of restoring it upon his neglect to do so after having been ordered to restore it, where no proof has been made before the board that the obstructed drain was a nuisance, where the owner of the adjoining premises has never been notified to appear before the board and answer any complaint in the matter, where he never has had any notice to appear before the board and show cause why he should not be ordered to remove the obstruction, and where the board has never examined the *locus in quo*.

APPEAL from a judgment recovered by the plaintiff against the defendant, November 12, 1903.

MacDonald Bros., for appellant.

Charles E. Opdyke, for respondent.

RICHARDSON, J. On the 12th day of November, 1903, the respondent recovered a judgment before Orlis Kuney, Esq., justice of the town of Waterloo, with a jury, against the appellant, Albert R. Greenleaf, for damages, twenty-five dollars, and costs, fourteen dollars and ninety cents, total, thirty-nine dollars and ninety cents. On the 30th day of November, 1903, the appellant filed with the justice a notice of appeal, together with an undertaking.

This action was commenced to recover a penalty fixed

by the board of health of the town of Fayette, as prescribed by section 21 of the Public Health Law, and expenses incurred by them, in all amounting to thirty-seven dollars.

The proofs presented to the justice and jury show that on the 30th day of June, 1902, L. M. Cumber and H. H. Jones presented to the town board of health of Fayette the following:

*" To the Town Board of Health of Fayette:*

" The petition of L. M. Cumber and Jones of Canoga in the town of Fayette, Respectfully requests said Board of Health to have sewer leading from their hotel in the village of Canoga which the said petitioners put down at an expense of $60-00 and which Albert R. Greenleaf had torn up a portion of said sewer or caused it to be done, laid by direction of Board of health and the consent of Commissioners of highway of said town.

*"* Dated the 30th day of June, 1902.

" [Ex. 2.]                                    L. M. Cumber,
                                              H. H. Jones."

That upon the receipt of said notice the said board of health had served upon the defendant the following resolution:

" Whereas, as a complaint has been made to the Board of Health of the town of Fayette relative to the obstruction of a sewer leading from the Hotel in Canoga owned by L. M. Cumber and H. H. Jones.

" It is hereby resolved by said board of health that the obstruction to said sewer caused by Albert R. Greenleaf, or by his direction, be removed within five days by said Greenleaf, and that said drain be placed in same condition as before obstructed under penalty of the law in such cases made and provided. Moved and seconded that the health officer notify Mr. Greenleaf of the action of the Board."

And that thereafter and on or about the 21st day of July, 1902, there was served upon the defendant the following notice and command:

23

" *To Albert R. Greenleaf,*

" You are requested and commanded to appear before the Board of health of the town of Fayette on the 28, day of July 1902, at 10 o'clock A. M. of that day to show cause why you did not comply with a written order. of said board of health, ordering you to put down and restore to its primal condition a certain sewer leading from Canoga Hotel and running in the highway and parallel about 14 feet with premises owned by you, which order was served on you by Dr Carleton, health officer of said board, on or about July 1st, 1902.

" BART CRONIN,
" *Chairman of Board of Health.*"

And that on the 28th day of July, 1902, a resolution, of which the following is a copy, was adopted:

" That in consequence of A. R. Greenleaf having refused to comply with an order of the Board of Health of the town of Fayette, resolved that said A. R. Greenleaf restore a certain sewer he had taken up.

" Now therefore it is hereby ordered and adjudged, that Dr William Carleton health officer of said town proceed to restore said sewer by employing help to do the same and at the expense of the said Greenleaf, and in addition thereto a fine of $25.00 imposed against said Greenleaf for obstructing said sewer thereby violating the rules and regulations of said Board of Health; said sewer runs westerly from the Canoga Hotel along the highway."

And by virtue of said several notices and resolutions, the plaintiff contends that it is entitled to the judgment as rendered before said justice and jury.

This appeal causes us to examine the Public Health Law (L. 1893, ch. 661) and ascertain as to whether the plaintiff has complied therewith, and if so, as to whether the defendant is liable for the damages as ascertained by the jury.

The board of health cannot act until it is shown that there is a nuisance to be suppressed or something to be done in the interest of public health.

The evidence shows that the so-called sewer was a private drain, constructed by the owners of the hotel, Cumber and Jones, the mouth of which was left open to discharge its contents, when anything was running through it, into an open ditch in front of appellant's premises. The notice of complaint presented to said board by Messrs. Cumber and Jones does not show that there is any nuisance or anything else detrimental to the public health about the premises complained of; there is no proof that the board of health ever examined the premises complained of to ascertain whether there was any nuisance or anything detrimental to public health; there is no proof from any source that there was a nuisance or anything detrimental to the public health in the taking up of the portion of said sewer, as stated in said notice. On the contrary, the proof is that the hotel was closed and nothing was running through the drain and that at about the time complained of in the complaint, appellant called the attention of respondent's health officer to the place in question, and that he declined to interfere because it did not constitute a nuisance.

Section 25 of the said Public Health Law prescribed, among other things, that " Every such local board shall receive and examine into all complaints made by any inhabitant concerning nuisances, or causes of danger or injury to life and health within the municipality, and may enter upon or within any place or premises where nuisances or conditions dangerous to life and health are known or believed to exist, and by its members or other persons designated for that purpose, inspect and examine the same. The owners, agents and occupants of any such premises shall permit such sanitary examinations to be made, and the board shall furnish such owners, agents and occupants with a written statement of the results and conclusions of any such examination."

There is no proof that the defendant was notified of any complaint having been made by Cumber and Jones to the board of health; he was never notified to appear and answer any complaint that they had made; the first he hears in relation to the matter is the order of July second, in which said board of health required him to remove within five

days the obstruction to said sewer; they did not give him notice to show cause why he should not remove such obstruction, but they commanded him to remove it; they did not show it was a nuisance and that it was anything detrimental to public health.

Said judgment having been rendered contrary to the law and evidence in the case, the same must be reversed, with costs, and it is hereby ordered that said judgment be reversed, with costs.

Judgment reversed, with costs.